MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

RITA F. LIN (CABN 236220)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6511
    FAX: (415) 436-7234
    Rita.Lin@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. CR 15-00064 WHA |
| Plaintiff, | ) |
| | ) STIPULATION AND [~~PROPOSED~~] PROTECTIVE |
| v. | ) ORDER |
| | ) |
| RICKY DEXTER HAWKINS, | ) |
| Defendant. | ) |

    With the agreement of the parties, and with the consent of the defendant, the Court enters the following Protective Order:

    Defendant is charged with being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). Pursuant to defendant's request, the United States will produce documents and other materials pertaining to the defendant and the charged offense to defense counsel subject to the following restrictions:

    1. In providing discovery, the United States will designate documents and other materials as subject to this Protective Order with the following notation: "CONTENTS SUBJECT TO PROTECTIVE ORDER." If defense counsel believes that the United States has improperly

designated a document or other material as subject to the Protective Order, defense counsel shall bring this objection to the United States, and, if the United States is unwilling to change the designation, may ask the Court to remove the designation.

2. Materials subject to this Protective Order shall be examined at the United States' Attorneys' Office and may be viewed only by those persons set forth in paragraph 3. The materials may not be duplicated, photographed, or removed from the United States' Attorneys' Office, and no notes may be taken regarding the materials.

3. Only the following individuals may examine documents or other materials subject to this Protective Order to prepare the defendant's defense and for no other purpose:

   a. Counsel for defendant;

   b. Members of the Federal Public Defender's Office who are assisting with the preparation of defendant's defense and with any appeal arising out of the case; and

   c. Investigators and experts retained by defendant to assist in defendant's defense.

4. If defense counsel determines that persons not identified in paragraph 3 need to review documents or other materials subject to this Protective Order, defense counsel must obtain a further order from the Court.

5. Persons named in Paragraph 3 shall not divulge the contents of documents or materials subject to this Protective Order to anyone, including defendant.

6. If one of the parties files a pleading that references or contains or attaches documents or materials subject to this Protective Order, the filing must be under seal.

7. A copy of this Protective Order shall be maintained with documents or other materials subject to this Protective Order at all times.

8. Prior to receiving access to documents and materials subject to this Protective Order, all persons, other than defense counsel (and employees of defense counsel's office), who receive access to documents and materials subject to this Protective Order shall sign a copy of this Protective Order acknowledging the following:

   a. The person has reviewed the Protective Order;

   b. The person understands the contents of the Protective Order;

    c. The person agrees that he or she will obtain access to the documents and materials subject to the Protective Order only to prepare a defense for the defendant;

    d. The person understands that failure to abide by the terms of this Protective Order may result in sanctions by this Court.

9. Counsel for defendant shall either (1) send signed copies of the Protective Order to counsel for the United States, or (2) file signed copies of the Order under seal. The United States shall not have access to signed copies filed under seal without further order of the Court.

10. After the United States obtains documents and materials subject to the Protective Order under Paragraph 1, it will maintain those documents and materials until the period for filing a motion under 28 U.S.C. § 2255 has expired. After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Protective Order. If defendant is represented by counsel and filed a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Protective Order under the terms of this Protective Order. Defendant's attorney in any motion under 28 U.S.C. § 2255 shall return the documents and materials subject to this Protective Order 14 days after the district court's ruling on the motion or 14 days after the conclusion of any direct appeal of the district court's order denying the motion, whichever is later.

MELINDA HAAG  
United States Attorney

Dated: March 31, 2015     \_\_\_/s/_____  
Rita F. Lin  
Assistant United States Attorney

Dated: March 31, 2015     \_\_\_\_\_/s/_____  
Elizabeth Falk  
Counsel for Defendant

Good case having been shown, IT IS SO ORDERED.

DATED: April 1, 2015.

_____
HONORABLE WILLIAM H. ALSUP
United States District Judge